## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| ROSA M. CHIARAVALLOTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 09-11577-NG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
### HOLD PLAINTIFF TO HER ADMINISTRATIVE DEMAND FOR DAMAGES

The United States moves to reduce the amount of damages Plaintiff Rosa M. Chiaravalloti ("Plaintiff") demands in her Complaint, $750,000, to that demanded in her administrative claim form, $218,700. In accordance with 28 U.S.C. § 2401(b), Plaintiff is not entitled to recover a sum in excess of $218,700, which is the amount she provided in her administrative claim, because Plaintiff has not presented newly discovered evidence, nor has she proven the existence of intervening facts that would permit an increase in the demand.

### INTRODUCTION

At the time Plaintiff submitted her administrative demand in December 2007, she already had surgery on her left hip and knew she would need surgery on her right hip in the future, due to injuries she allegedly suffered in an accident with a United States Postal truck. Indeed, Plaintiff's administrative demand claims damages for "Left hip injury requiring arthroscopic intervention" and "Right hip injury requiring future arthroscopic intervention." After filing her administrative demand, Plaintiff had two surgeries on her right hip. Plaintiff's claim for

damages should be reduced for two reasons.  First, it is doubtful – even according to Plaintiff's

own expert – that the accident with the Postal truck caused Plaintiff's right hip injury.  Second,

even if the accident is the proximate cause of Plaintiff's right hip injury, Plaintiff knew at the

time she submitted her administrative demand for $218,700 that she would need "future

arthroscopic intervention" on her right hip.  Plaintiff now seeks $750,000 in damages, even

though she knew all along that she would need surgery on her right hip.  Thus, Plaintiff has not

met – and indeed cannot meet – her burden of presenting newly discovered evidence or the

existence of intervening facts, which are the only two grounds for permitting an increase in a

demand for damages.  Accordingly, Plaintiff should not be permitted to seek more than $218,700

in damages through this action.

## STATEMENT OF FACTS

On December 27, 2005, Plaintiff was stopped at a red light in a car in Cambridge,

Massachusetts.  Complaint ("Compl."), Doc. No. 1, ¶ 4.  While stopped at the light, a United

States Postal Service struck hit Plaintiff's car.  Id. at ¶¶ 5, 7.  The incident allegedly caused

Plaintiff to suffer injuries to her back, neck, and hips.  Id. at ¶ 8.  On July 19, 2007, Plaintiff

underwent left hip surgery.  Report from Peter D. Asnis, M.D., dated July 18, 2008 ("Asnis

Report"), attached as Exhibit ("Ex.") A, at 1.  Plaintiff's doctor noted her post-operative

rehabilitation course to be "uncomplicated" and her left hip to be doing "very well."  Id.  In

October 2007, approximately 22 months after the car accident, Plaintiff began to complain of

*right* hip pain.  Id. at 2.  Between October 2007 and December 2007, Plaintiff came to know that

her right hip would require surgery.  See Chiaravalloti Dep. Tr. 67:10-67:14 (responding to the

question, "Is it fair to say that [as of December 2007] you knew that you needed to have surgery

on your right hip?" Plaintiff answered, "Right"), attached as Ex. B.  Accordingly, when Plaintiff

filed her administrative claim on December 17, 2007, she indicated that the basis of her claim

was "Lower and upper back pain, shoulder pain, neck pain, head aches, right knee.  Left hip

injury requiring arthroscopic intervention.  Right hip injury requiring future arthroscopic

intervention."  Administrative Claim Form dated Dec. 14, 2007, attached as Ex. C.  Plaintiff

demanded $218,700.00 as relief for her injuries.  Id.

 The Postal Service denied Plaintiff's administrative claim on April 30, 2009.  Compl., at

¶ 12.  On September 22, 2009, Plaintiff filed suit against the United States.  Id. at 4.  Although

Plaintiff demanded $218,700.00 for her injuries in her administrative claim, Plaintiff now

demands "not less than $750,000.00."  Id. at ¶ 14.  Plaintiff alleges that the increase in her

demand is justified because "there have been intervening facts and/or newly discovered evidence

regarding [Plaintiff]'s injuries that could not have been reasonably discovered prior to the filing

of her administrative claim." Id. at ¶ 15.  On February 7, 2008, Plaintiff had surgery on her right

hip.  Ex. A, at 2.  Although Plaintiff's doctor is of the opinion that, to a reasonable degree of

medical certainty, Plaintiff's *left hip* injury and treatment were causally related to the car

accident on December 27, 2005, he concluded it was "less clear whether the injury to

[Plaintiff's] *right hip* is causally related to the motor vehicle accident."  Id. (emphasis added).

He stated, "Ms. Chiaravalloti noted the onset of right hip pain in October 2007 . . . The pain in

her right hip did not begin until approximately 22 months after the motor vehicle accident . . . It

certainly is conceivable that she injured the right hip at the time of the motor vehicle accident,

but I cannot say that with 100% certainty."  Id.  Plaintiff ultimately had two surgeries on her

right hip.

## ARGUMENT

### Plaintiff Is Not Entitled To Recover A Sum In Excess Of The Amount She Demanded In Her Administrative Claim Because Plaintiff Has Not Presented Newly Discovered Evidence Or Proven The Existence Of Intervening Facts.

Under the Federal Tort Claims Act ("FTCA"), a tort claim against the United States is barred unless the plaintiff first files an administrative claim within two years of the claim's accrual.  See 28 U.S.C. § 2401(b).  An administrative claim is properly presented when it includes, among other things, a claim for money damages in a sum certain.  See id.; 28 C.F.R. § 14.2(a).  The purpose of the sum certain requirement "goes beyond mere administrative convenience; it is to apprise the government of its possible liability and to provide the government with notice 'sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.'" Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997) (quoting Corte-Real v. United States, 949 F.2d 484, 486 (1st Cir. 1991)); Lopez v. U.S., 758 F.2d 806, 809-10 (1st Cir. 1985).  If and when the administrative claim is denied, the plaintiff may file suit in federal court within six months.  See 28 U.S.C. § 2401(b).  "Notwithstanding that the case shifts from an administrative to a judicial forum once suit is started, the claim retains importance in . . . that the amount sought can act as a ceiling on the plaintiff's [potential] recovery." Reilly v. United States, 863 F.2d 149, 170 (1st Cir. 1988); see Spivey v. United States, 912 F.2d 80, 84 (4th Cir. 1990) (concluding that "[d]amages in a suit brought under the FTCA are generally limited to the amount of the administrative claim").

In a tort action against the United States, the claimant cannot demand damages in excess of the sum certain listed in the administrative claim, with two limited exceptions:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased

4

> amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).  Thus, unless the plaintiff comes into "newly discovered evidence not reasonably discoverable at the time of presenting the claim" or proves the existence of "intervening facts," he or she cannot recover a sum in excess of the amount of the claim presented in the administrative claim.  See id.; Reilly, 863 F.2d at 171 (concluding that to fall within the exception in § 2675(b), the plaintiff must show "some new and previously unforeseen information came to light between the time of filing the administrative claim and the trial on damages.  And, the newly-emergent datum must be material") (internal quotations and citations omitted).

Plaintiffs bear the burden of proving that they may claim damages in excess of the sum certain identified in the administrative claim.  Spivey, 912 F.2d at 85.  This requires a showing of new and previously unforseen information that came to light between the filing of the administrative claim and the trial on damages.  Reilly, 863 F.2d at 171.  Despite her formulaic claim that "there have been intervening facts and/or newly discovered evidence regarding [her] injuries that could not have been reasonably discovered prior to the filing of her administrative claim," Compl. ¶ 15, Plaintiff has not met and cannot meet her burden.  That Plaintiff claims "[t]he extent and permanency of the injuries and need for additional treatment to [her] hips and back were not reasonably discoverable at the time she made her administrative claim," id. at ¶ 16, is immaterial because it merely bears on the precision with which the severity of Plaintiff's injuries could be known and does not alter the fact that when Plaintiff filed her administrative claim, she knew she needed surgery on her right hip.  To allow Plaintiff to increase her demand

5

because she failed to anticipate "the extent and permanency" of her right hip injury, even though she knew when she filed her administrative claim that she would need future surgery on her right hip, would contravene the purpose 28 U.S.C. § 2675(b).  "[I]f the exact nature, extent and duration of each recognized disability must be known before § 2675(b) will be given effect, that section will be rendered useless; and the government will be unable to evaluate any claim made against it without the threat that, if it does not settle, its liability may increase substantially." Low v. United States, 795 F.2d 466, 471 (5th Cir. 1986).

Plaintiff's own expert, Dr. Peter Asnis, opined that, "Ms. Chiaravalloti noted the onset of right hip pain in October 2007 . . . The pain in her right hip did not begin until approximately 22 months after the motor vehicle accident . . . It certainly is conceivable that she injured the right hip at the time of the motor vehicle accident, but I cannot say that with 100% certainty . . . It is less clear whether the injury to her right hip is causally related to the motor vehicle accident on December 27, 2005."  Ex. A, at 2.  Not only is it doubtful that the car accident at issue caused Plaintiff's right hip injury, but Plaintiff was aware of the need for surgery on her right hip when she filed her administrative demand.  That Plaintiff may not have known that she would need two surgeries on her right hip does not rise to the level of "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts."  See 28 U.S.C. § 2675(b).  Indeed, "[d]iagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered evidence' nor 'intervening facts' for the purposes of § 2675(b)."  Reilly, 863 F.2d at 171 (holding that confirmation of a child's potential disabilities resulting from injuries caused by a physician during birth did not constitute "newly discovered evidence").  Similarly, long-term

prognoses that take several years to evaluate do not constitute "newly discovered evidence" or "intervening facts." Low, 795 F.2d at 471.

In Reilly, the United States appealed the district court's award of damages that exceeded the amount in plaintiffs' administrative claim. Reilly, 863 F.2d at 152. The plaintiffs' daughter was born with severe brain damage as a result of a doctor's negligence. Id. at 153. The plaintiffs filed an administrative claim on behalf of their minor child in the amount of $10,000,000. Id. As the basis for their administrative claim the plaintiffs alleged, among other things, "seizures, blindness, profound neurological deficit." Id. at 171. They subsequently brought suit under the FTCA. Id. at 153. At trial, the plaintiffs sought to recover more than the upper limit of their administrative claim. Id. at 171. They alleged, and the lower court in Reilly agreed, that only after plaintiffs filed their administrative claim "did it become medically apparent that their daughter would never be able to walk or talk, and that she would be able to see only enough to distinguish light from dark . . . [the district court in Reilly found] the experts' subsequent confirmation that the worst possibilities had materialized . . . constitut[ed] 'newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency.'" Id. (internal citations omitted). The First Circuit, however, found this determination to be "plainly erroneous" because:

> the information in question was neither sufficiently new, nor sufficiently unforeseen . . . By the time the claim was filed, the [plaintiffs] were on notice of the global extent of [their daughter's] injuries . . . The evidence upon which the district court relied to lift the cap was, at bottom, nothing more than "the experts' subsequent confirmation that the worst possibilities had materialized." Yet these very same "worst possibilities," i.e., "that [the plaintiffs' daughter] would never be able to walk or talk, and that she would be able to see only enough to distinguish light from dark," were present from the start. Indeed, they were at the core of the [plaintiffs'] administrative claim, which alleged "seizures, blindness, profound neurological deficit" and the like as the sequelae of the harm. The mere

7

fact that these dread consequences, feared from the beginning, had become more certain does not suffice to brand them "newly discovered."

Id. at 171-172.  Accordingly, the First Circuit concluded that the district court in Reilly erred in allowing the plaintiffs to recover damages in excess of the cap established in their administrative claim.  Id. at 173.

Similar to the plaintiffs in Reilly, Plaintiff here was on notice that she would need future surgery on her right hip when she filed her administrative claim.  See Ex. C.  As in Reilly, that Plaintiff eventually underwent surgery on her right hip is nothing more than the subsequent confirmation that the worst possibilities had materialized.  Putting aside the fact that it is unclear whether Plaintiff's right hip injury was causally related to the car accident at issue in this case, see Ex. A, Plaintiff's right hip injury was nonetheless "at the core" of her administrative claim, which included "[r]ight hip injury requiring future arthroscopic intervention" as the basis of the claim.  Ex. C.  Thus, as the First Circuit reasoned in Reilly, the mere fact that Plaintiff's right hip injury, known to require future surgery at the time Plaintiff filed her administrative claim, had become more certain does not suffice to conclude Plaintiff has presented newly discovered evidence or proven the existence of intervening facts.  Accordingly, Plaintiff is not entitled to recover damages in excess of the amount she listed in her administrative claim, and this Court should reduce the amount demanded in Plaintiff's Complaint from $750,000 to $218,700.00.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this Court reduce the amount demanded in Plaintiff's Complaint from $750,000 to $218,700, which is the amount demanded in Plaintiff's administrative claim.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By:    */s/ Jennifer A. Serafyn*
Jennifer A. Serafyn
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA  02210
Tel:  (617) 748-3188
Fax:  (617) 748-3969
Dated: March 9, 2011                                 Email: jennifer.serafyn@usdoj.gov


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ Jennifer A. Serafyn*
Jennifer A. Serafyn
Dated: March 9, 2011                                 Assistant United States Attorney

9